STATE *vs.* LUTHER W. LEWIS.

Penobscot.    Opinion May 7, 1895.

*Fish.    Trout.    R. S., c. 40, § 49.*

The word "trout" as used in R. S., c. 40, § 49, which prohibits the sale of "any land-locked salmon, trout or togue" between certain days of each year, means a fresh water fish, a fish which at least breeds and ordinarily lives in fresh water.

ON REPORT.

This case came up to the February term, 1894, of the court below on appeal by the defendant from the Bangor municipal court where he was convicted on complaint, December 30, 1893, upon a plea of not guilty, for that the defendant on said day, at Bangor, did have in possession fifty trout with intent, then and there to sell the same, and did then and there sell said trout, said thirtieth day of December, being then and there close time on said trout.

The defendant was accordingly fined ten dollars and costs of prosecution, and from said sentence he appealed to the Supreme Judicial Court.

When the cause was brought to trial, it appeared that the fish with which the defendant stood charged with having in his possession and selling were salt water fish imported from Halifax, in the Dominion of Canada, into the United States September, 1893, by one Treat, a wholesale dealer in Boston, and by him sold to the defendant in Bangor, who claimed in defense that their sale was not prohibited by the laws of Maine, and that any statute forbidding the sale, etc., of such fish would be a violation of the defendant's rights under the Constitution of the United States.    These fish are trout and resemble the fresh water trout of the waters of Maine and sell at about one-half their price.

They are sold in fairly large quantities in the form of pickled fish, and are known to the trade as Labrador trout.

Upon the foregoing facts and the request of the parties, the question of law thereon arising was reserved for the opinion of

the law court, and the case was reported by the Chief Justice presiding under R. S., c. 134, § 26. It was stipulated in the report that, if the complaint was maintainable, the defendant should be defaulted, otherwise the complaint to be dismissed.

*C. A. Bailey*, County Attorney, for State.

Statute is prohibitive and held constitutional. *Bowman* v. *C. & N. W. R. R.* 125 U. S. 465. States have the power to regulate and forbid the sale of a commodity after it has been brought within its limits. *Ib.* Statute is not the same as in *Allen* v. *Young*, 76 Maine, 80.

Counsel cited: *Phelps* v. *Racey*, 60 N. Y. 10; *Magner* v. *People*, 97 Ill. 320, 336; *State* v. *Randolph*, 1 Mo. App. 15; *Whitehead* v. *Smithers*, 2 C. P. Div. 553; 8 Am. & Eng. Ency. pp. 1027-1032; *State* v. *Beal*, 75 Maine 289.

*Charles Hamlin and Charles J. Hutchings*, for defendant.

Counsel cited: *Allen* v. *Young*, 76 Maine, p. 82; *Com.* v. *Hall*, 128 Mass. p. 410; *People* v. *O'Neil*, (Mich.) Am. Ann. Digest, 1888.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

WISWELL, J. Complaint for having in possession trout with intent to sell the same in violation of R. S., c. 40, § 49, which reads as follows: "No person shall sell, expose for sale or have in possession with intent to sell, or transport from place to place any land-locked salmon, trout or togue, between the first days of October and the following May; or any black bass, Oswego bass or white perch, between the first days of April and July, under a penalty of not less than ten nor more than fifty dollars for each offense."

The case comes to the law court upon an agreed statement of facts in which it is said that the fish, which the defendant had in his possession for sale, "were salt water fish" and that they were known to the trade as "Labrador trout."

The prohibition of the statute relates to land-locked salmon, trout or togue. The common and ordinary meaning of the

word "trout" is a fresh water fish, a fish which at least breeds and ordinarily lives in the fresh water, even if it may sometimes escape to the salt water when it has an opportunity; and although zoologically the term may be more inclusive, we think that the legislature used the word in this section in its more limited, but common and ordinary sense. Words of common use in a statute are to be taken in their ordinary signification. Sutherland on Statutory Construction, § 229.

We are confirmed in the belief that the legislature intended to make this section apply to fresh water fish only, from the fact that all other kinds of fish referred to are exclusively fresh water fish, except salmon and the meaning of that word is expressly limited by the word "land-locked."

It being admitted that the fish in the possession of the defendant for the purpose of sale were salt water fish, the statute does not apply.

*Complaint dismissed.*